SHELBY MUTUAL INS. CO., APPELLEE, *v.* HELM, APPELLANT; SEYMOUR, D. B. A. EUCLID AUTO SALES, APPELLEE.

[Cite as Shelby Mutl. Ins. Co. v. Helm, 14 Ohio App. 2d 173.]

(No. 8865—Decided May 28, 1968.)

*Messrs. Wiles, Doucher, Tressler, Martin & Ford* and *Mr. Ted L. Earl,* for plaintiff-appellee.

*Messrs. Baldwin, Nichol & Menapace* and *Mr. Arthur C. Graves,* for appellant.

DUFFEY, P. J. Appellant, Charles L. Helm, filed a motion to reconsider a decision of this court handed down March 26, 1968. That decision modified the judgment of the Municipal Court by giving judgment to the appellee on the first cause of action and to appellant on the second cause of action. Costs of the appeal were divided equally.

Appellant has moved to reconsider the taxing of the costs and to tax all the costs, including those in the lower court, equally between the parties. We find this request well taken and order that all the costs in the case be taxed equally.

Section 2505.41, Revised Code, provides, in part, as follows:

"When a judgment or order is modified, the court may

apportion all court costs, including the cost of bills of exception, between the parties in such manner as is equitable.

"When a judgment or order is reversed, all court costs, including the cost of bills of exception, shall abide the final judgment or order in the action or proceedings."

The case of *Cartwright* v. *Sole* (1847), 16 Ohio 316, upon which the appellee relies, is not applicable. Under present Section 2505.41, Revised Code, this court can allocate trial costs where the trial judgment is modified and a final judgment entered. A review of legislative history indicates that the Legislature was aware of the previous judicial interpretation of the statutes relating to costs on appeal, and when it amended Section 12223-43, General Code (120 Ohio Laws 319), in 1943, it deleted the following italicized language: "the prevailing party shall recover all court costs *incurred to secure such reversal.*" The statute as it now reads allows this court to apportion all costs, and not those limited only to the appeal.

20 Corpus Juris Secundum 556, Costs, Section 310, indicates that in many jurisdictions, if the whole merits of the case are fully and finally determined by the decision of the reviewing court, the reviewing court may apportion or determine the costs in the lower court.

In accordance with Section 2505.41, Revised Code, the costs in the lower court and upon appeal will be divided equally between the parties.

*Judgment accordingly.*

Troop and Herbert, JJ., concur.